IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

LANI K. HERZOG and COURTNEY HERZOG,

    Plaintiffs,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

Defendant Owners Insurance Company ("Defendant" or "Owners"), by and through its attorney Adam P. O'Brien of Wells, Anderson & Race, LLC, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully files this Notice of Removal of the above-identified action from the District Court, Adams County, State of Colorado, to the United States District Court for the District of Colorado. As grounds for removal, Defendant states as follows:

### I. INTRODUCTION

1.    On April 25, 2018, Plaintiffs Lani Herzog and Courtney Herzog ("Plaintiffs") commenced an action against Owners in District Court, Adams County, Colorado captioned *Lani K. Herzog and Courtney Herzog v. Owners Insurance Company*, Case No. 2018CV30687. *See* **Ex. A**, Plaintiffs' Complaint ("Compl.").

2. This case arises out of an insurance claim made by Plaintiffs seeking to recover insurance benefits from Owners for alleged property damage caused by a water leak at 15625 Akron Street, Brighton, Colorado 80602. *See* Ex. A, Compl. ¶¶ 5-7.

3. Plaintiffs allege that Owners issued a Policy of Insurance to Plaintiffs, Policy Number 49-003-122-00 ("Policy"). *See id.* at ¶ 5. Plaintiffs allege the Policy provides coverage for the water damage and additional living expenses, and that Owners has refused to issue payment sufficient to fully repair the damage under said Policy. *See id.* at ¶¶ 7-29. Plaintiffs also allege that Defendant acted in bad faith breach of insurance contract and violated Colorado Revised Statute Section 10-3-1115. *See id.*[1]

4. Although Plaintiffs do not expressly state an amount in controversy in the Complaint, Owners demonstrates herein by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.

## II. COMPLIANCE WITH COURT RULES AND DEADLINES

5. Pursuant to 28 U.S.C. § 1441, the United States District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from the District Court, Adams County, Colorado, where this action is pending. This action concerns an insurance dispute over real property located in Colorado.

6. As set forth in a Return of Service filed in Adams County District Court, Plaintiffs purportedly effectuated service of the Complaint on Owners on May 2, 2018, by serving its statutory agent, the Colorado Division of Insurance. *See* **Ex. B**, Return of Service.

---

[1] The numbered paragraphs in Plaintiffs' Complaint and Jury Demand start to duplicate themselves after paragraph 32. Instead of following paragraph 32 with paragraph 33, the numbers start again with another paragraph 30. To avoid confusion, Owners does not provide pinpoint citations to the paragraphs that contain Plaintiffs' second and third causes of action.

7. Defendant's Notice of Removal is timely filed within the limits set forth in 28 U.S.C. § 1446, which requires removal within thirty (30) days of receipt of service of process by Defendant. All procedural requirements related to the removal of this action have been satisfied.

### III. DIVERSITY JURISDICTION

8. This is an action in which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiffs and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. The "purpose of diversity jurisdiction is to protect out-of-state defendants from possible home-town prejudice of jurors from the plaintiff's state." *McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

   **A.   Complete Diversity of Citizenship Exists Pursuant to 28 U.S.C. § 1332(a)(1).**

10. To meet the diversity requirement for federal jurisdiction there must be complete diversity between all plaintiffs and all defendants. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). Thus, "[i]t is elementary that § 1332 provides jurisdiction only where there is complete diversity, that is, where all plaintiffs are of different citizenship than all defendants." *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1111 (D. Colo. 2000) (citations omitted).

11. Plaintiffs are Colorado citizens. *See* Ex. A, Compl. ¶ 1.

12. A corporation, such as Owners, "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (2018); *see Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010); *Hale*, 93 F. Supp. 2d at 1111.

13. Owners is an Ohio corporation with its principal place of business in Michigan. *See* **Ex. C**, Certificate of Fact of Existence, Colorado Secretary of State Summary page, and Articles of Incorporation. (*Exhibit C* is comprised of public records available from the website of the Colorado Secretary of State).

14. Insofar as Plaintiffs are not citizens of Michigan or Ohio, and Defendant Owners is an Ohio corporation with its principal place of business in Michigan, there is complete diversity of citizenship. Additionally, as set forth below, the amount in controversy between the parties exceeds $75,000 such that removal is proper. *See* 28 U.S.C. § 1332(c)(1).

### B. The Amount in Controversy Exceeds $75,000 Pursuant to 28 U.S.C. § 1332(a).

15. Without waiving Defendant's right to contest Plaintiffs' ability to recover any particular amount of damages, diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) exists because Plaintiffs seek a monetary judgment in excess of the $75,000 minimum amount in controversy requirement. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). A civil cover sheet filed in State Court in which a Plaintiff asserts that more than $75,000 is in issue is an "initial pleading" or "other paper" under § 1446(b)(3) which is evidence of the amount in controversy. *Paros Properties LLC v. Colorado Cas. Inc. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016).

16. The amount in controversy must be determined by the allegations of the complaint or, where they are not dispositive, by the allegations in the Notice of Removal. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.; see also McPhail*, 529 F.3d at 954 (the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

17. Courts should apply the same liberal rules to removal that are applied to other matters of pleading. *Dart Cherokee Basin Operating, Co. v. Owens,* 135 S. Ct. 547, 553 (2014). "When a defendant seeks federal adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* Furthermore, a defendant's Notice of Removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

18. The defendant is not required to prove the legal conclusion that the statutory amount is in fact in controversy or that the plaintiff will in fact recover that amount. *McPhail*, 529 F.3d at 955-56. "The amount in controversy is not proof of the amount that the plaintiff will recover but rather is an estimate of the amount that will be put at issue in the course of litigation." *Id.* at 956.

19. Once a defendant establishes contested facts which support the requisite amount in controversy, a defendant is entitled to remain in federal court unless it is "legally certain that less

than $75,000 is at stake. If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *McPhail*, 529 F.3d at 954.

20.     Attorney fees can be included in determining the amount in controversy if the underlying state law on which one or more of the plaintiffs' claims is based permits an award of attorney fees. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)).  Likewise, a Court should consider the two-times the covered benefit statutory penalty prescribed in C.R.S. § 10-3-1116 when Plaintiff alleges an extra-contractual claim pursuant to that statute.  *See Washington v. Am. Family Mut. Ins. Co.*, No. 12-CV-02229-REB-KLM, 2013 WL 1412327, at *4 (D. Colo. Mar. 18, 2013), *report and recommendation adopted*, No. 12-CV-02229-REB-KLM, 2013 WL 1414241 (D. Colo. Apr. 8, 2013) (citing *Rabin v. Fidelity Nat. Property and Cas. Ins. Co.*, 863 F.Supp.2d 1107, 1110-11112 (D. Colo. 2012)).

21.     In the present action, Plaintiffs do not specify an amount in controversy in the Complaint.  However, Plaintiffs' Civil Cover Sheet indicates that a monetary judgment over $100,000 is sought. *See* **Ex. D**, Civil Cover Sheet.  Consequently, Plaintiffs assert, at minimum, $100,000 is sought in this action.

22.     Furthermore, the Complaint alleges that Plaintiffs' kitchen and living room areas needed to be remodeled due to the alleged water damage and mold found in those areas. *See* Ex. A, Compl. ¶¶ 7-16. In addition, Plaintiffs requested additional living expenses. *Id.* at ¶ 25. Plaintiffs hired All Phase Restorations to perform mitigation work, who provided multiple estimates for remodeling the Kitchen. *Id.* at ¶ 10-20. Plaintiffs' contractor, Jamie Leigh Designs,

provided an estimate for the kitchen remodel totaling $24,422.89. *See* **Ex. E**, Pl.'s Remodel Estimate.

23. Therefore, the amount in controversy with respect to Plaintiffs' contractual claim is approximately $24,422.89.

24. Plaintiffs also assert damages pursuant to C.R.S. §§ 10-3-1115, 1116. *See* Ex. A, Compl. More particularly, they claim the alleged violation of Section 10-3-1115 entitles them to recover an additional two times the covered benefits and an award of reasonable attorneys' fees. *See id.*

25. If proven, the alleged statutory violation therefore entitles Plaintiffs to recover $48,845.78, plus contractual damages of $24,422.89, which totals $73,268.67, plus attorney's fees and costs. This further supports an amount in controversy of at least $75,000.

### IV. CONCLUSION

26. Pursuant to 28 U.S.C. § 1446(a), and D.C.COLO.LCivR 81.1, copies of the current docket sheet and of all pleadings, process, and orders in the State Court case file of which Defendant is aware will be filed contemporaneously with this Notice. There are no pending motions or hearings set in the State Court action.

27. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court, Adams County, Colorado, and a copy has been served on Plaintiffs, as indicated on the attached Certificate of Service.

28. Owners reserves the right to conduct limited discovery on the issue of diversity jurisdiction, if necessary. *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008). For

example, in the event Plaintiffs contest whether Owners has shown the amount in controversy exceeds $75,000, Owners requests limited discovery on that issue.

29. Owners states that no waiver and no admission of fact, law, or liability, including without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

WHEREFORE, Defendant Owners Insurance Company hereby removes this action from the District Court, Adams County, State of Colorado, to the United States District Court for the District of Colorado.

Dated this 30th day of May, 2018.

Respectfully submitted,

WELLS, ANDERSON & RACE, LLC

*S/ Adam P. O'Brien*
Adam P. O'Brien
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
Telephone: (303) 830-1212
E-mail: aobrien@warllc.com

*Attorneys for Defendant Owners Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 30th day of May, 2018, filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and sent it via email to the following:

David M. Roth, Esq.
Andrew Newcomb, Esq.
Jennifer A. Milne, Esq.
Speights and Worrich, LLC
2149 S. Holly Street, Suite 105
Denver, CO 80222
*Attorneys for Plaintiffs*

Brian D. Pushchak, Esq.
Pushchak & Dible, LLC
50 S. Steele Street, #450
Denver, CO  80209
*Attorneys for Plaintiffs*

*S/Kathleen Porter*
Kathleen Porter
*original signature on file at the offices*
*of Wells, Anderson & Race, LLC)*