# EXHIBIT A

| | |
|---|---|
| **17th Judicial District Court**<br>**Adams County, State of Colorado**<br><br>Court Address:    1100 Judicial Center Drive<br>         Brighton, CO 80601 | DATE FILED: April 25, 2018 10:53 AM<br>FILING ID: 708F560715E8B<br>CASE NUMBER: 2018CV30687 |
| **Plaintiffs:**    Lani K. Herzog and Courtney Herzog<br><br>**v.**<br><br>**Defendant:**    Owners Insurance Company | |
| | ▲   COURT USE ONLY   ▲ |
| **Attorneys for Plaintiffs:**<br>Attorney:    David M. Roth, #44800<br>         Andrew Newcomb, #37032<br>         Jennifer A. Milne, #46286<br>Address:    Speights and Worrich, LLC<br>         2149 South Holly Street, Suite 105<br>         Denver, CO 80222<br>Phone Num.:    (303) 662-8082<br>FAX Num.:    (303) 662-8083<br>E-Mail:    david@speightsfirm.com<br>         andrew@speightsfirm.com<br>         jennifer@speightsfirm.com<br><br>Attorney:    Brian D. Pushchak, #43705<br>Address:    Pushchak & Dible, LLC<br>         50 South Steele Street, #450<br>         Denver, CO 80209<br>Phone Num.:    (303) 816-8998<br>FAX Num.:    (303) 474-0215<br>E-Mail:    brian@cherrycreekinjury.com | Case Number:<br><br>Div.: |

| |
|:---:|
| **COMPLAINT AND JURY DEMAND** |

COME NOW PLAINTIFFS, Lani K. Herzog and Courtney Herzog, by and through their attorney, Speights and Worrich, LLC, and Complain against the above-named Defendant as follows:

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiffs, Lani K. Herzog and Courtney Herzog (hereinafter "Plaintiffs") are residents of and domicile in Adams County, Colorado.

2.    Upon information and belief, Defendant, Owners Insurance Company (hereinafter "Defendant"), is a foreign corporation organized under the laws of Ohio,

authorized to do business in the State of Colorado, is in good standing, and is engaged in the business of insurance within the state.

3.      This Court has jurisdiction over the subject matter of this action and the parties hereto.

4.      Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

## GENERAL ALLEGATIONS

5.      Defendant issued Policy Number 49-003-122-00 (hereinafter "Policy") to Plaintiffs insuring their property located at 15625 Akron Street, Brighton, Colorado 80602 (hereinafter the "Property") during the period in which the subject loss occurred.  The Policy was in force at all relevant times identified in this Complaint.

6.      The insurance policy covers, *inter alia*, all risks of direct physical loss or damage to the home located at the Property, including water damage.

7.      On or about November 24, 2016, Plaintiffs' experienced a water leak in their kitchen and filed a claim with Defendant.

8.      On or about February 15, 2017, Defendant inspected Plaintiffs' Property and offered its first estimate to repair the damage to the kitchen with a replacement cost value (hereinafter "RCV") of $4,041.67, and an actual cost value (hereinafter "ACV") of $3,818.94.  Defendant issued a check for the ACV payment based on this estimate.

9.      On or about May 20, 2017, Plaintiffs' contractor began removing the kitchen flooring and discovered mold.

10.      On or about June 5, 2017, Plaintiffs hired All Phase Restorations to perform the mitigation work.  All Phase Restorations provided an estimate for the mitigation work that totaled $21,070.86.

11.      On June 9, 2017, after the mitigation work was complete, SilverKey Services performed mold testing to the kitchen and living room areas.  The testing yielded elevated levels of mold in both the kitchen and living room areas.

12.      On June 12, 2017, All Phase Restoration contacted Defendant's adjuster, Dani Galaviz, to request approval to continue mitigation work.  No response was received from Ms. Galaviz or Defendant for this request.

13.      On June 13, 2017, Plaintiffs contact Ms. Galaviz to follow-up on the request to continue mitigation work and inquire as to their Policy's coverage for additional

living expenses as Plaintiff Courtney Herzog's health was being affected due to the mold.

14.     On June 15, 2017, Ms. Galaviz returned to the Property to re-assess the water damage.  Plaintiffs again request the approval to continue the mitigation work and Ms. Galaviz implied she would contact All Phase Restoration directly.

15.     On June 16, 2017, another attempt was made by Plaintiffs and All Phase Restoration to contact Ms. Galaviz, since no response was received regarding the continued mitigation work.

16.     On June 19, 2017, Plaintiffs provided Defendant the third and fourth bids for remodel of the kitchen and living rooms areas, and again attempt to contact Ms. Galaviz for approval for the additional mitigation work.  It was not until June 21, 2017, when the second round of mitigation work began.

17.     On June 20, 2017, Plaintiffs' contractor, Jamie Leigh Designs, provided an estimate for the kitchen remodel totaling $24,422.89.

18.     On June 21, 2017, Defendant provided a revised estimate for the remodel of the kitchen and living room areas with a RCV of $11,295.01 and an ACV of $9,786.42.  Plaintiffs expressed their disapproval of this revised estimate and again inquired as to their Policy's coverage for additional living expenses as Mrs. Herzog's health was being affected due to the mold.

19.     On June 23, 2017, Mrs. Herzog contacts Defendant and speaks with Ed Stuckrath, V.P. to express her frustration and dissatisfaction as to how the claim has been handled by Defendant and Ms. Galaviz.  Mrs. Herzog also provided Mr. Stuckrath estimates and photos of the water and mold damage. Mr. Stuckrath gave approval for additional mold testing to the master bedroom.

20.     Pursuant to Defendant's request, Jamie Leigh Designs revised its estimate to reflect only the replacement of the lower cabinets.  Jamie Leigh Designs revised estimate dated June 23, 2017, totaled $18,876.26.

21.     On June 30, 2017, mitigation work to the master bedroom was completed and further testing confirmed no mold.

22.     On July 31, 2017, Defendant issued a recoverable depreciation payment to Plaintiffs in the amount of $718.28 for the laminate-simulated wood flooring, lower base cabinetry units, and sheathing, pursuant to its estimate of June 21, 2017.

23.     On August 30, 2017, Defendant issued a supplemental payment to Plaintiffs in the amount of $5,884.75 for repairs.

24. On December 18, 2017, Defendant issued a recoverable depreciation payment to Plaintiffs in the amount of $290.31 for repairs.

25. Defendant failed to advised Plaintiffs of the coverage afforded to them under their Policy for additional living expenses.  Mrs. Herzog experienced health related issues during this time due to the mold.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

26. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

27. The Policy creates a contact of insurance between the parties.

28. By its actions, as described above, Defendant breached the contact of insurance.

29. As a direct and proximate cause of said breach, Plaintiff is entitled to damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Bad Faith Breach of Insurance Contract)

30. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

31. Defendant owed duties to Plaintiffs under the Policy's implied covenant of good faith and fair dealing, wherein it covenanted that it would, in good faith, and in exercise of fair dealing, deal with Plaintiffs fairly and honestly, faithfully perform its duties of representation, and do nothing to impair, interfere with, hinder or potentially injure Plaintiffs' rights to receive the Policy's benefits.

32. Defendant acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

   a. Failing to properly investigate and evaluate Plaintiffs' claims for Policy benefits;
   b. Failing to pay Plaintiffs the full benefits owed under the Policy;
   c. Failing to pay amounts under the Policy in a timely manner;
   d. Failing to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims;
   e. Failure to give equal consideration to Plaintiffs' rights and interests as it has given its own interests;
   f. Depriving Plaintiffs of the benefits and protections of the contract of insurance;

       g.  Compelling Plaintiffs to institute litigation in order to recover amounts due under the policy; and

       h.  Other conduct to be revealed through discovery.

30.     As a result of this willful, wanton and reckless conduct, Plaintiffs have directly and proximately suffered damages as set forth more fully in their prayer for relief below.

## THIRD CAUSE OF ACTION
### (Violation of C.R.S. §10-3-1115 and Relief Pursuant to §10-3-1116)

31.     Plaintiffs incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

32.     C.R.S. §10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

33.     Plaintiffs are first-party claimants under C.R.S. §10-3-1115.

34.     Defendant has improperly denied or delayed resolution of Plaintiffs' claim without reasonable basis within the meaning of C.R.S. §10-3-1115.

35.     C.R.S. §10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed or denied by an insurer may bring an action in Colorado district court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

36.     Due to Defendant's actions and conduct as set forth herein in violation of C.R.S. §10-3-1115, Plaintiffs bring this claim to recover her reasonable attorneys' fees, court costs and, two times the covered benefit, as allowable under C.R.S. §10-3-1116.

     WHEREFORE, Plaintiffs Lani Herzog and Courtney Herzog respectfully request that judgment be entered in their favor and against Defendant Owners Insurance Company as follows:

       a)  For compensatory damages, both economic and non-economic, in amounts to be proved at trial;

       b)  For double damages pursuant to statute;

       c)  For all prejudgment interest, statutory or moratory, and post-judgment interest allowed by law;

       d)  For reasonable attorneys' fees and costs of suit herein; and

       e)  For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.


Dated this 25th day of April, 2018.

Respectfully Submitted,

SPEIGHTS AND WORRICH, LLC

By:    */s/ David M. Roth*
           David M. Roth, #44800
           Andrew M. Newcomb, #37032
           Jennifer A. Milne, #46286

ATTORNEYS FOR PLAINTIFFS LANI
AND COURTNEY HERZOG

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*